## CURRENT OHIO COURTS OF APPEAL CASES
### Weekly Advance Abstract Opinions

No. 800
### SERRER v. BARTHOLMEW
Ohio Appeals, 8th District, Cuyahoga County
No. 4571.   Decided Oct. 8, 1923

7. AUTOMOBILES.

Burden is on owner of truck colliding with wagon, show abandonment by employee, and unauthorized operation by stranger.

LEVINE, J.

#### Epitomized Opinion

Action by Bartholomew for loss of services to him because of injuries resulting to his wife from the alleged negligence of Serrer's servant. The evidence disclosed that on the day of the accident, Costello the regular driver of Serrer's truck, loaded the truck with goods to be delivered, and the goods were delivered. At the time of the collision of the truck with Bartholomew's wagon, the driver of the truck gave his name as Novak to Bartholomew. The truck was not returned to Serrer until that evening, when a stranger brought the truck and immediately departed without any explanation. Serrer testified that he made no effort to locate Costello to have him testify. Serrer urged that there is no proof tending to show that at the time of the accident Serrer's truck was driven by his authorized agent. In affirming the judgment for Bartholomew, the Court of Appeals held:

1. "There is no presumption that Costello abandoned his employment at the time he permitted or instructed a stranger to take charge of same. Once his authority to drive and operate the Ford truck is established, it is not to be presumed that the circumstances surrounding his act of permitting a stranger to drive it were such as to make his act unauthorized, for the circumstances may be such as to give him implied authority so to do. In such cases the burden of proving circumstances to show an abandonment of employment on the part of Costello, together with an authorized turning over of the Ford truck for a stranger to drive and operate, rests upon the employer. With this burden the employer did not comply, and the case at bar

Attorneys—H. R. Kistner, for Serrer; C. H. Todd, M. B. Excell, for Bartholomew.

No. 801
### CHANDLER v. EVERETTE
Ohio Appeals, 3rd District, Wyandot County
No. 86.   Decided June 15, 1923

AUTOMOBILES.

"Driving" automobile under 6310 GC., limited to in motion.

4A. ROADS.

"Law of the road" restricted to passing autos and vehicles.

WARDEN, J.

#### Epitomized Opinion

Chandler's truck was standing by the side of the road with the engine running and Chandler was standing by the side of the front end of the truck leaning against the fender when he was run into and knocked down by Everette's car. The court in charging the jury as to 6310 GC., which provides that a person driving an automobile on a public road so as to leave half of the road free for the coming automobile shall keep to the right, said: "As the motor of the automobile was running, Chandler was driving or operating the same within the purview of the statute." In reversing the judgment the Court of Appeals held:

1. The court's charge as to 6310 GC. was clearly erroneous. This section applies only to vehicles in motion.

2. One driving a vehicle upon a public highway has the right to drive it in any portion of the road he desires, but is only required on meeting another vehicle to turn to the right so as to leave one-half the road free.

3. The verdict is manifestly against the weight of the evidence.

Attorneys—Carey & Hall, for Chandler; J. H. Clark, for Everette.